■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ROBERTS, Appellant. [611 NYS2d 214] —Appeal by defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered October 6, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of direction in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant was convicted of murdering Pierre Sanon in the early morning hours of September 21, 1986, in front of a social club located on Church Avenue, between East 54th Street and East 55th Street in Brooklyn, New York. The outcome of the trial hinged on the credibility of a single eyewitness, Jerome Pierre.

Pierre testified that the defendant shot the victim twice, first in the back during a chase, and a second time in the head at point-blank range. The defendant, standing approximately four feet away, and with his back to Pierre at the time he fired the second shot, turned around and stared at Pierre who stared back. According to Pierre, he "[took] a deep look" at the defendant in case an identification was needed.

After this exchange of stares, the defendant walked away

towards 55th Street. Pierre said that he followed on foot, from a distance of 10 to 12 feet, prepared to take down a license plate number in case the defendant fled in a car. As he continued following on foot, Pierre observed the defendant conversing with two men, and overheard them instructing the defendant to go to a nearby yellow house. Pierre approached the two men, unconcerned about his own safety, and told them that they had caused the defendant to kill someone. Pierre thereafter observed the defendant walk to a yellow house on 55th Street and enter the backyard. Pierre returned to the social club, but did not immediately speak to police officers who had responded to the scene by that time.

Later the same day, the police, after speaking with Pierre, went to a yellow house at 201 East 55th Street. The officers spoke with the defendant who resided at this address. The defendant voluntarily went with the police to the station-house, was placed in a lineup and identified by Pierre as the individual who shot the victim in front of the social club on Church Avenue. At trial, Pierre also identified the defendant as the perpetrator.

Initially, we reject the defendant's contentions that his guilt was not established beyond a reasonable doubt, and that the jury's verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant presented a plausible alibi defense, through his own testimony and that of other witnesses, but the People adduced sufficient evidence, which was credited by the jury, to disprove that defense beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Although Pierre's testimony appears to be exaggerated and incongruent in certain respects, it is not incredible as a matter of law.

However, we agree with the defendant's contention that his due process rights were violated by the prosecution's untimely disclosure of material evidence bearing directly on Pierre's credibility, and the reliability of his testimony. Under the circumstances, we reverse the judgment of conviction, as a matter of discretion in the interest of justice, and order a new trial.

On the eve of trial, the prosecution provided defense counsel with a statement from a second eyewitness to the shooting, Eleanor Chapman. The statement was taken from Chapman

on the same day as the shooting, approximately one year prior to its disclosure. Chapman stated that she saw the perpetrator shoot the victim twice, but contrary to Pierre's testimony, she then saw the shooter jump into a car with a second individual and drive off. Defense counsel moved to dismiss the indictment on the ground of prosecutorial misconduct contending that he had been unable to locate the witness or conduct an adequate investigation because of the late disclosure of Chapman's statement.

The trial court concluded that the statement should have been turned over much earlier, but denied the defense motion for dismissal. Instead, the court permitted Chapman's statement to be read into evidence by Assistant District Attorney Cheryl Chambers, who had taken it from the witness while assigned to the District Attorney's Investigations Bureau. However, the court then permitted the prosecutor to cross-examine Chambers, whereupon she elicited information not contained in Chapman's statement, namely that Chapman told her she was drunk at the time of the shooting, and could not identify the shooter, or really recollect what had occurred. Chambers also testified that she considered Chapman to be an unreliable witness.

There is no doubt that the People violated the principles of *Brady v Maryland* (373 US 83) by waiting until the eve of trial to disclose the content of Chapman's statement. Her statement contradicts Pierre's testimony and obviously has a direct bearing on his credibility *(see, People v Simmons,* 36 NY2d 126, 131, 132)*.* Although disclosure of such material evidence need not be made at any particular point in the proceedings, it must be turned over to the defendant in time for it to be used effectively *(see, People v White,* 178 AD2d 674, 675)*.*

In our view, the delay in disclosing Chapman's statement deprived the defendant of a fair opportunity to locate the witness and conduct an adequate investigation of the facts she recounted to the prosecution. In this regard, we note that the defendant has made a representation in his brief that Chapman has been located, and is prepared to testify that he was not the man she saw shoot the victim. During oral argument, the People conceded that Chapman has now been located. Under the circumstances presented here, we find the procedure employed by the court was inadequate to alleviate the prejudice resulting from the denial of the defendant's due process rights. Further, we find a reasonable possibility that the delay in disclosure of Chapman's statement effected the outcome of the trial *(see, People v Vilardi,* 76 NY2d 67), and

even though the defendant did not properly preserve this issue for appellate review, we conclude that a new trial should be ordered in the interest of justice.

In light of our determination that there should be a new trial, we do not reach the defendant's remaining contentions. Rosenblatt, J. P., Miller, Pizzuto and Altman, JJ., concur.